**Felipe LOPEZ, Petitioner–Appellant,**

v.

**D.K. SISTO; et al., Respondents–Appellees.**

**No. 07–15978.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

Felix Lopez, Vacaville, CA, pro se.

Maria G. Chan, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Felipe Lopez appeals pro se from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *see Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

Appellees contend that there is no federally protected liberty interest in parole

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

release in California, and thus, Lopez has failed to state a claim for federal habeas relief. This contention is foreclosed. *See id.* at 1127–28.

Lopez contends that the California Board of Prison Terms' ("Board") 2004 decision to deny him parole violated his due process rights. We conclude that there was no due process violation because some evidence supports the Board's decision. *See Irons v. Carey,* 505 F.3d 846, 851 (9th Cir.2007). Accordingly, the state court's decision rejecting Lopez's claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *see also Irons* at 851.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.